# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **THERESA L. WEHBY,** | } |
| | } |
| **Plaintiff,** | } |
| | } |
| v. | }   Case No.:  **2:15-cv-01005-RDP** |
| | } |
| **SPRINGER EQUIPMENT COMPANY,** | } |
| **INC.,** | } |
| | } |
| **Defendant.** | } |

## MEMORANDUM OPINION

**I.   Introduction**

This case is before the court on Plaintiff's Motion to Voluntarily Dismiss Count II of the Complaint (Doc. # 10), filed November 24, 2015.  Plaintiff previously moved for relief pursuant to Federal Rule of Civil Procedure 41(a)(1), but Defendant opposed the Motion.  (Doc. # 10). Accordingly, the court treated the Motion (Doc. # 10) as one for relief pursuant to Federal Rule of Civil Procedure 41(a)(2), and directed the parties to brief the Motion.  (Doc. #11).  The Motion is now fully briefed and ripe for consideration.  (Docs. # 10, 12, 13).  After careful review, and for the following reasons, the court finds that the Motion is due to be granted and Count II of the Complaint is due to be dismissed without prejudice.

**II.   Facts and Procedural History**

Plaintiff filed her Complaint on June 15, 2015, alleging two claims: a Rehabilitation Act, 29 U.S.C. § 794, (the "Rehab Act") claim; and a statutory claim for worker's compensation

retaliatory discharge pursuant to Alabama Code § 25-5-11.1.[1]  (Doc. # 1).  Plaintiff asserted jurisdiction under 28 U.S.C. §§ 1331 and 1367.  (*Id.*).  Defendant did not assert a jurisdictional challenge in its responsive pleading, or in subsequent motions.  (Doc. # 3).

On November 5, 2015, the court held a scheduling conference with the parties.  During that conference, the court expressed concerns about whether it had jurisdiction over the Alabama workers' compensation retaliation claim asserted in Count II of the Complaint.  Accordingly, the court ordered the parties to confer regarding the issue and to submit to the court a joint report (if they were in agreement about resolution of issue), or briefing (if they disagreed).  (Doc. # 9).  The parties informed the court that they had discussed the matter, and voluntary dismissal of Count II appeared to be the best approach.

Nevertheless, when Plaintiff filed her Motion to Voluntarily Dismiss Count II of the Complaint, it was (surprisingly) designated as opposed.  (Doc. # 10).  Thus, the court ordered the parties to brief that Motion.  (Doc. # 11).

In its opposition brief, Defendant contends that this court has jurisdiction over the retaliation claim.  (Doc. # 12).  In support of its position, Defendant has distinguished two types of cases which assert a claim filed under Alabama Code § 25-5-11.1: (1) those cases that were originally filed in (but subsequently removed from) a state court; and (2) those cases that were originally filed in a federal court.  (*Id.*).  Defendant acknowledges that if this case had been *removed* from state court (instead of initially being filed in this court) there would be no jurisdiction over that cause of action under the operation of 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be

---

[1] Plaintiff's two causes of action share some similar underlying factual circumstances.  In summary, Plaintiff alleges that she developed disabilities, she requested accommodation (*i.e.*, a certain parking space) from Defendant, Defendant failed to accommodate her, this failure caused her to subsequently be injured at work, she sought workers' compensation benefits, and she was terminated for seeking those benefits.  (Doc. # 1).

removed to any district court of the United States."). (*Id.*). But, Defendant asserts that, under 28 U.S.C. § 1367(a), supplemental jurisdiction exists over a workers' compensation retaliation claim originally filed in a federal court and that it would be a hardship if it were required to litigate on both state and federal court fronts. (*Id.*).

In Plaintiff's reply, she contends that there is no clear legal precedent concerning this issue, and, in any event, that Defendant's concerns of duplicative efforts should not control the outcome of the Motion. (Doc. # 13). Instead, Plaintiff argues that this court may properly exercise its discretion by dismissing the claim due to the unsettled nature of this area of law. (*Id.*).

**III.   Discussion**

The court has carefully considered the parties' arguments and determines that Count II is due to be dismissed, but for reasons other than those asserted.

    **A.   The Court Has Supplemental Jurisdiction Over Count II, but Count II is Due to Be Dismissed Pursuant to 28 U.S.C. § 1367(c)(2)**

The Eleventh Circuit has expressly held that "claims brought pursuant to Alabama's statute barring retaliation for the filing of workers' compensation claims [Ala. Code § 25-5-11.1] do arise under that state's workers' compensation laws." *Reed v. Heil Co.*, 206 F.3d 1055, 1057 (11th Cir. 2000). As our circuit has also made clear, this court clearly would have no jurisdiction over the retaliation claim if that cause of action had been removed from state court. *Id.* at 1058 (citing 28 U.S.C. § 1445(c)). However, when such a claim is originally filed in a federal district court, it is less clear whether a federal court has jurisdiction to entertain it. Indeed, a review of case law concerning the filing of claims under Alabama Code § 25-5-11.1 in federal court demonstrates that there is no conclusive answer to this question.

The Eleventh Circuit's decision in *Reed* can be read to imply that a federal court *may* have supplemental jurisdiction over Alabama retaliatory discharge claims when initially filed in federal court.  After holding that section 25-5-11.1 arises out of the state Workers' Compensation Law in a removed case, the Eleventh Circuit pointed out that Congress specifically barred from removal claims in state court "arising under workmen's compensation laws" of the forum state. *Reed*, 206 F.3d at 1058, 1061 (citing 28 U.S.C. § 1445(c)).  However, the Eleventh Circuit also recognized that, normally, "federal courts can exercise supplemental jurisdiction over state law claims that form part of the same case or controversy as the claim with original federal jurisdiction." *Id.* at 1058 (citing 28 U.S.C. § 1367(a)).  While not specifically presented with the issue, the Eleventh Circuit did not categorically rule out the prospect of a federal court exercising supplemental jurisdiction over state workers' compensation laws, and (at least arguably) implied that Sections 1367 and 1445 (perhaps dissonantly) co-exist.  *See id.*; *see also Richardson v. Georgia-Pacific Corp.*, No. 07-cv-0732, 2007 WL 3287361, at *3 (S.D. Ala. Nov. 5, 2007) ("However, using Section 1367(a) to override Section 1445(c) would be inconsistent with *Reed*, in which the Court acknowledged Section 1367(a) but concluded that remand of the worker's compensation claim was required because Section 1445(c) deprived the federal courts of subject matter jurisdiction.").

In other instances, the Eleventh Circuit and district courts within our circuit have had occasion to address section 25-5-11.1 claims filed directly in federal court.  For example, although it did not specifically discuss the jurisdictional issue, in a later case the Eleventh Circuit affirmed a grant of summary judgment involving claims arising under the Family Medical Leave Act and section 25-5-11.1. *Sparks v. Sunshine Mills, Inc.*, 580 Fed. Appx. 759, 760 (11th Cir. 2014) (*per curiam*); *see also Bradford v. Rent-A-Center East, Inc.*, 346 F. Supp. 2d 1203, 1205

4

(M.D. Ala. 2004) (granting in part and denying in part motion for summary judgment on plaintiff's federal civil rights claims and Ala. Code § 25-5-11.1, and specifically stating that "jurisdiction is proper under 28 U.S.C. § 1331 . . . and 28 U.S.C. § 1367"). Unlike in *Reed*, the plaintiff in *Sparks* originally filed a complaint in federal court alleging, among other things, that the defendant violated Alabama Code § 25-5-11.1. *Sparks*, 580 Fed. Appx. at 762. The Eleventh Circuit affirmed the grant of summary judgment. *Id.* at 760. However, jurisdiction was neither raised by a party nor squarely addressed by the court in *Sparks*. *Id.* Nevertheless, this court infers from our circuit's affirmation of summary judgment in that unpublished decision that it necessarily concluded that jurisdiction existed. That inference supports a finding that this court may have supplemental jurisdiction over Count II here.

The court has also looked to a District of Kansas decision that lends support to the court's analysis. In *Patton v. AFG Industries, Inc.*, 92 F. Supp. 2d 1200 (D. Kan. 2000), the court dismissed the plaintiff's federal claims under the Americans With Disabilities Act. 92 F. Supp. 2d at 1206. In determining whether to continue exercising jurisdiction over the plaintiff's state workers' compensation retaliatory discharge claim, the court looked to 28 U.S.C. § 1367(a). (*Id.* at 1206-07) (recognizing that when "it has federal question jurisdiction, a federal court may exercise supplemental jurisdiction over state law claims which form part of the same case or controversy"). Ultimately, the court ruled that it would keep the retaliation claim (and denied a summary judgment motion directed at that claim). *Id.* at 1207-08.

In addition to the different approaches taken by our circuit in *Reed* and *Sparks*, and the ruling in *Patton*, the plain language of 28 U.S.C. § 1367(a) is also essential to this court's reasoning. Section 1367(a) provides that "the district courts *shall* have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction

that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (emphasis added). Indeed, the statutory language is commanding and does not leave room for compromise—but for the preceding clause setting forth exceptions "as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute."[2] *Id.*; *see also Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1569 (11th Cir. 1994) ("supplemental jurisdiction *must* be exercised in the absence of any of the four factors of section 1367(c)" (emphasis in original)).

However, while section 1367(a) grants jurisdiction, section 1367(c) gives the court discretion about whether to exercise or decline supplemental jurisdiction if at least one or more of the following conditions is met:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

On these facts, the court concludes that Plaintiff's section 25-5-11.1 claim will substantially predominate over the federal claim in this case – the Rehab Act cause of action. On the one hand, the Rehab Act allows for injunctive relief and compensatory damages when a plaintiff proves "discriminatory intent," but it does not allow for punitive damages. *See Atakpa v. Perimeter OB-GYN Assocs., P.C.*, 912 F. Supp. 1566, 1575 (N.D. Ga. 1994) (citing *Wood v.*

---

[2] Congress has expressly limited jurisdiction over claims arising under state workers' compensation laws with 28 U.S.C. § 1445(c)—the removal statute. But, this case was not removed from state court. Also inapplicable is 28 U.S.C. § 1367(b), because it requires the presence of diversity jurisdiction, which is not and cannot be asserted here.

*President & Trustees of Spring Hill College*, 978 F.2d 1214 (11th Cir. 1992)). However, a plaintiff may recover damages in accord with the general law of torts for a claim under section 25-5-11.1—that is, compensatory damages (including emotional harm) and punitive damages. *Continental Eagle Corp. v. Mokrzycki*, 611 So.2d 313, 320 (Ala. 1992) (citation omitted); *see also Rodriguez-Flores v. U.S. Coatings, Inc.*, 133 So.3d 874, 885 (Ala. 2013) ("a plaintiff is entitled to recover both compensatory and punitive damages on a claim alleging a retaliatory discharge pursuant to § 25-5-11.1").

In addition, a cause of action under section 25-5-11.1 involves a shifting burden of proof concerning the reasons for the employee's termination and an analysis of whether the employer's stated reason for the discharge was pretext for terminating the employee for seeking worker's compensation benefits. *See Mokrzycki*, 611 So.2d at 319-20. Conversely, the Rehab Act leaves the burden squarely with the plaintiff to prove that she has a disability, was denied participation in a federally funded program because of her disability, and was otherwise qualified for participation in the program. *See Atakpa*, 912 F. Supp. at 1575-76 (setting forth elements of claim). If the section 25-5-11.1 claim were included in this case, it would predominate.

Turning to the issue of prejudice, the court further concludes that dismissal will not cause significant prejudice to the parties. Plaintiff filed her Complaint on June 15, 2015. (Doc. # 1). The Alabama Workers' Compensation Law has a two-year statute of limitations. Ala. Code § 25-5-80. In her Complaint, Plaintiff avers that she "was terminated on or around the second business day after she returned to work from her injury for which she sought worker's compensation benefits"—that is, on or around August 6, 2014. (Doc. # 1). Thus, Plaintiff has more than eight months to re-file her retaliatory discharge claim in state court. *See also* 28 U.S.C. § 1367(d).

Further, litigating the Rehab Act claim in this court and the statutory discharge claim in state court will cause little duplicative effort and confusion during and after the discovery process. A review of Plaintiff's Complaint demonstrates that the two causes of action focus on different times, and involve different remedies. (*See* Doc. # 1). Indeed, Plaintiff's alleged injury appears to form a line of demarcation: her Rehab Act claim arose before it, and her retaliatory discharge claim accrued after it. Therefore, while discovery in this case may inevitably overlap to some degree as to both Counts I and II (for example, concerning information about the parking spaces available at Defendant's facility), the extent of discovery requested by both sides is likely to be broader for Count II—including for damages considerations. Accordingly, Count II will substantially predominate over Count I, which is the federal claim in this case.[3]

Finally, the court is guided by this tautological principle: "[s]tate courts, not federal courts, should be the final arbiters of state law." *Flippo v. Am. Power Source, Inc.*, 20 F. Supp. 3d 1299, 1319 (N.D. Ala. 2014) (citing *Hardy v. Birmingham Bd. of Educ.*, 954 F.2d 1546, 1553 (11th Cir. 1992)). "Where § 1367(c) applies, considerations of judicial economy, convenience, fairness and comity may influence the court's discretion to exercise supplemental jurisdiction." *Flippo*, 20 F. Supp. 3d at 1318. Applying these factors, the court concludes that Plaintiff's retaliatory discharge claim is due to be dismissed. Alabama courts frequently handle claims related to that state's Workers' Compensation Law, including retaliatory discharge claims.[4] Although the outcome of this issue is not controlled by the comity doctrine, the court's ruling is certainly consistent with principles of comity. Thus, "[w]hen coupled with the court's discretion to exercise supplemental jurisdiction under § 1367(c), this court finds that the state law claim[]

---

[3] The court also has taken account of the fact that the parties will be represented by the same counsel and can coordinate any overlapping discovery in the federal and state cases.

[4] The judicial experience state courts have with Alabama Code § 25-5-11.1 might also benefit the parties in litigating the claim.

remaining in this action [is] best resolved by the Alabama courts." *Flippo*, 20 F. Supp. 3d at 1319.

## IV.   Conclusion

Based on the foregoing, the court holds that while it appears to have supplemental jurisdiction over Plaintiff's section 25-5-11.1 claim, it also has discretion, in exercising that jurisdiction pursuant to 28 U.S.C. § 1367(c)(2), to dismiss that claim without prejudice.  And, judicial economy, fairness, convenience, and principles of comity all militate in favor of having this state law claim decided by a state court.  Accordingly, Count II of Plaintiff's Complaint is due to be dismissed without prejudice.  A separate order of dismissal shall be entered.

**DONE** and **ORDERED** this January 8, 2016.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE